IN THE ~~DISTRICT~~/SUPERIOR COURT FOR THE STATE OF ALASKA
AT Kodiak

Ricardo Felizardo

Plaintiff(s),

vs.

Wal-Mart Stores, Inc.

Defendant(s).

CASE NO. 3KO-12-205 CI

**SUMMONS AND NOTICE TO BOTH PARTIES OF JUDICIAL ASSIGNMENT**

To Defendant: Wal-Mart Stores, Inc.

You are hereby summoned and required to file with the court a written answer to the complaint which accompanies this summons. Your answer must be filed with the court at (address): 204 Mission Road, Kodiak, AK 99615 within 20 days* after the day you receive this summons.

In addition, a copy of your answer must be sent to:

Plaintiff's attorney or plaintiff (if unrepresented): Law Office of Jill Wittenbrader
Address: 506 Marine Way Suite 3
Kodiak, AK 99615

If you fail to file your answer within the required time, a default judgment may be entered against you for the relief demanded in the complaint.

If you are not represented by an attorney, you must inform the court and all other parties in this case, in writing, of your current mailing address and any future changes to your mailing address and telephone number. You may use court form, *Notice of Change of Address / Telephone Number* (TF-955), available at the clerk's office or on the court system's website at www.state.ak.us/courts/forms.htm , to inform the court.

-OR-

If you have an attorney, the attorney must comply with Alaska R. Civ. P. 5(i).

NOTICE OF JUDICIAL ASSIGNMENT

To: Plaintiff and Defendant

You are hereby given notice that this case has been assigned to Judge Steve W. Cole.

Date: April 17, 2012

CLERK OF COURT
By: A Johnson
Deputy Clerk

* If the state or a state officer or agency named as a defendant has 40 days to file its answer. If you have been served with this summons outside the United States, you also have 40 days to file your answer.

Exhibit B

CIV-100 (2/06)(st.3) Civil Rules 4, 5, 12, 42(c), 55
SUMMONS Page 1 of 5 Pages

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT KODIAK

RICARDO FELIZARDO,
    Plaintiff,

vs.

WAL-MART STORES, INC,
    Defendant.

COMPLAINT

Case No. 3KO-12-   CI

1. Plaintiff, Ricardo Felizardo, is a resident of Kodiak, Alaska.

2. Defendant, Wal-Mart Stores, Inc. is a corporation doing business in Kodiak, Alaska.

3. At all the times mentioned, defendant was, and still is, the owner of and in possession and control of a building located at 2911 Mill Bay Road, in the City of Kodiak, State of Alaska. Such building is used and occupied by defendant for the purpose of conducting a place of business, specifically a store for the sale of general merchandise.

4. On January 8, 2012 plaintiff was lawfully in defendant's store as a customer of defendant for the purpose of purchasing merchandise.

5. While plaintiff was in the store he fell as a result of a large pool of water left on the floor of the entry way of the store.

6. The fall and resulting injuries to plaintiff were caused solely by the negligence of defendant without any contributory negligence on the part of plaintiff.

Felizardo v. Wal-Mart Stores, Inc.
Case No. 3KO-12-  CI
Complaint
Page 1 of 4

Exhibit B
Page 2 of 5 Pages

Case 3:12-cv-00132-HRH   Document 1-2   Filed 06/21/12   Page 2 of 5

Law Office of Jill Wittenbrader
506 Marine Way Suite 3, Kodiak, AK 99615
Phone: 907-486-1004  Fax: 907-486-1014

7. The negligence of defendant at the above time and place, among other things, consisted of the following:

    (a) Carelessly and negligently failing to maintain the entryway floor of the store, despite its obvious and known risk of danger to customers.

    (b) Carelessly and negligently failing to properly and visibly mark the floor and the danger posed thereby with appropriate signage warning of the risks.

    (c) Carelessly and negligently did not post signage warning of the dangerous condition of the floor.

8. Defendant had actual knowledge of the dangerous condition. If defendant did not have actual knowledge of the dangerous condition, the condition had existed for such time prior to the happening of the injury to plaintiff, that defendant, in exercise of due care, reasonably should have had such knowledge and notice.

9. As a proximate result of the accident and of defendant's negligence, plaintiff was seriously injured and permanently partially disabled. As a direct result of the fall plaintiff sustained the following personal injuries: extensive injury to his wrist, arm, back and neck areas; past and future physical and mental pain and suffering; past and future economic loss including lost wages and medical expenses; loss of consortium; and limitations of his professional and personal activities including, but not limited to, difficulty in carrying out his primary duties as a fish processor and inability to perform simple tasks such as dressing himself. Plaintiff has suffered and will suffer in the future severe

*Felizardo v. Wal-Mart Stores, Inc.*
Case No. 3KO-12-      CI
Complaint
Page 2 of 4

Exhibit  B
Page  3  of  5  Pages
Case 3:12-cv-00132-HRH   Document 1-2   Filed 06/21/12   Page 3 of 5

pain and suffering and permanent physical impairment in his range of motion and use of his wrist, hand and arm. Plaintiff is informed and believes, and on the basis of such information and belief alleges, that all of these injuries will be permanent, except those that are superficial in their nature.

10. As a further proximate result of the accident and injuries and of defendant's negligence, plaintiff was hospitalized and was required to undergo medical and surgical care and treatment, all to plaintiff's further damage in an amount exceeding $50,000.

11. At the time of the accident and injuries, and for some time prior, plaintiff was employed as a seafood processor. As further proximate result of the accident and injuries and of defendant's negligence, plaintiff has been prevented from pursuing his normal occupation, and the normal pursuits of home life, and will be prevented in the future from pursuing his occupation, and the normal routine of home life, and, as a further proximate result, has been, and will be, deprived of income from such occupation in the future and will suffer pecuniary loss as a result.

12. The dangerous condition amounts to gross negligence because the defendant had knowledge that the condition of the floor created an unreasonable risk of harm such that there was a high degree of probability that harm would occur.

*Felizardo v. Wal-Mart Stores, Inc.*
Case No. 3KO-12-       CI
Complaint
Page 3 of 4

Exhibit B
Page 4 of 5 Pages

Case 3:12-cv-00132-HRH   Document 1-2   Filed 06/21/12   Page 4 of 5

13. Plaintiff is entitled to punitive damages because Defendant's conduct demonstrated reckless indifference to the interests of others and/or was outrageous.

WHEREFORE, the plaintiffs respectfully requests judgment against defendant for the following:

1. General damages exceeding $50,000.00 and as at trial will be shown.

2. Special damages exceeding $50,000.00 and as at trial will be shown.

3. Pain and suffering exceeding $50,000.00 and as at trial will be shown.

4. Loss and consortium exceeding $50,000.00 and as at trial will be shown.

5. Past and future medical expenses exceeding $50,000 and as will be shown at trial.

6. An award of punitive damages as will be shown at trial.

7. Judgment of interest, pre-judgment and post-judgment.

8. Judgment of attorney fees and costs.

9. Such other relief as further will appear and the court deems just and proper.

Dated at Kodiak, Alaska, this 14th day of May, 2012.

Law Office of Jill Wittenbrader

Jill Wittenbrader
Attorney for Plaintiff
ABA No. 9211109

*Felizardo v. Wal-Mart Stores, Inc.*
Case No. 3KO-12-       CI
Complaint
Page 4 of 4

Exhibit B
Page 5 of 5 Pages